# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA COLE and BEATRICE ROCHE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> QUEST DIAGNOSTICS, INC., <br><br> Defendant. | Case No. 2:23-cv-20647 <br><br> Civil Action <br><br> (Document Filed Electronically) <br><br> **[PROPOSED] ORDER** <br><br> **Motion Day:** August 19, 2024 |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** having been brought before the Court by way of Defendant Quest Diagnostic Incorporated's ("Quest") motion for reconsideration of the Court's July 2, 2024 Opinion and Order denying in part and granting in part Quest's motion to dismiss Plaintiffs' putative class action complaint (ECF Nos. 60 and 61) or in the alternative for an Order pursuant to 28 U.S.C. § 1292(b), certifying for immediate interlocutory appeal the issue of whether Plaintiffs' CIPA claims are barred and must be dismissed under the party exemption as set forth in *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125 (3d Cir. 2015); and the Court having considered the papers filed in support of and in opposition to this Motion, and any arguments of counsel; and for good cause shown,

**IT IS** on this _____ day of _____ 2024,

**ORDERED** that Quest's Motion for reconsideration is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's July 2, 2024 Opinion and Order is **VACATED** in part with respect to the denial of Quest's motion pursuant to Rule 12(b)(6) to dismiss Count I of the First Amended Complaint, in which Plaintiffs assert claims pursuant to Section 631 of the California Invasion of Privacy Act ("CIPA").

**AND IT IS FURTHER ORDERED** that Plaintiffs' CIPA claims are hereby **dismissed** with prejudice.

[*In the alternative*] [**AND IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1292(b), the issue of whether Plaintiffs' CIPA claims are barred and must be dismissed under the party exemption as set forth in *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125 (3d Cir. 2015), is certified for immediate interlocutory appeal because it involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal will materially advance the ultimate termination of this litigation.]

                                                Hon. William J. Martini
                                                United States District Judge