**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELA COLE and BEATRICE ROCHE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC.,<br><br>Defendant. | Case No. 2:23-cv-20647-WJM-JSA |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
1330 Avenue of the Americas
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
pfraietta@bursor.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866/252-0878
gklinger@milberg.com

**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
James E. Cecchi
Kevin G. Cooper
5 Becker Farm Rd.
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION.........................................................................................1
LEGAL STANDARD FOR RECONSIDERATION..........................................2
BACKGROUND.........................................................................................4
ARGUMENT..............................................................................................5
I. The Court Rejected Defendant's Interpretation of *In re Google Cookie.* .....5
II. Defendant's Interpretation of *In re Google Cookie* Remains Flawed..........6
III. Defendant's Request for an Interlocutory Appeal Should Be Denied ........10
CONCLUSION..........................................................................................12

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Bachowski v. Usery*,
545 F.2d 363 (3d Cir. 1976) ....................11

*Blueprint Cap. Advisors, LLC v. Murphy*,
2023 WL 6875136 (D.N.J. Oct. 18, 2023) ....................6

*Byrne v. Calastro*,
2006 WL 2506722 (D.N.J. Aug. 28, 2006) ....................2

*Doe v. Meta Platforms*,
2023 WL 5837443 (N.D. Cal. Sept. 7, 2023) ....................9

*Doe v. Regents of Univ. of California*,
2023 WL 3316766 ....................9

*Dogan v. Bureau of Prisons*,
2016 WL 1162373 (D.N.J. Mar. 23, 2016) ....................3

*F.T.C. v. Wyndham Worldwide Corp.*,
10 F. Supp. 3d 602 (D.N.J. 2014), *aff'd*,
799 F.3d 236 (3d Cir. 2015) ....................11

*Fiscus v. Combus Finance AG*,
2006 WL 2845736 (D.N.J. Sept. 28, 2006) ....................11

*In re Google Cookie Placement Consumer Privacy Litigation*,
806 F. 3d 125 (3d Cir. 2015) ....................*passim*

*Gutierrez v. Johnson & Johnson*,
743 F. Supp. 2d 418 (D.N.J. 2010) ....................3

*Hulmes v. Honda Motor Co.*,
936 F. Supp. 195 (D.N.J. 1996) ....................12

*Kadonsky v. Ahsan*,
782 F. App'x 87 (3d Cir. 2019) ....................3

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) ....................11

*Lazaridis v. Wehmer*,
591 F.3d 666 (3d Cir. 2010) ....................3

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) ....................2

*Physicians Healthsource, Inc. v. Advanced Data Systems Int'l, LLC*,
2019 WL 11270469 (D.N.J. Aug. 20, 2019) ....................12

*Popa v. Harriet Carter Gifts, Inc.*,
52 F.4th 121 (3d Cir. 2022) ....................8

*Raritan Baykeeper, Inc. v. NL Industries, Inc.*,
2016 WL 7377104 (D.N.J. Dec. 20, 2016)....................6

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ....................9, 10

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503 (C.D. Cal. 2021) ....................9, 10

*Sanofi-Aventis U.S., LLC v. Great Am. Lines, Inc.*,
2016 WL 4472949 (D.N.J. Aug. 22, 2016) ....................2

*Tomaine v. Selip & Stylianou, LLP*,
2024 WL 3440170 (D.N.J. July 17, 2024) ....................12

*Toy v. Lifeline Screening of America*,
2024 WL 1701263 (N.D. Cal. Mar. 19, 2024) ....................9

*United States v. Pinkhasov*,
2009 WL 150669 (D.N.J. Jan. 21, 2009)....................3

*United States v. Riddick*,
669 F. App'x 613 (3d Cir. 2016) ....................11

*Y.W. v. Roberts*,
2018 WL 5784995 (D.N.J. 2018) ....................6

**Statutes**

18 U.S.C. § 2511(2)(d)....................................................................................8, 9

28 U.S.C. § 1292(b) ....................................................................................11, 12

California Invasion of Privacy Act, Cal. Pen. § 631, *et seq.* ............................*passim*

Pennsylvania's Wiretapping and Electronic Surveillance Act,
18 Pa.C.S. § 5703(1)....................................................................................8, 9

Plaintiffs Angela Cole and Beatrice Roche ("Plaintiffs") respectfully submit this memorandum of law in opposition to Quest Diagnostics, Inc.'s ("Quest" or "Defendant") Motion for Reconsideration, or Alternatively, for Certification of an Interlocutory Appeal ("Motion") (ECF No. 65).

## INTRODUCTION

After carefully considering the parties' respective arguments, the Court concluded that Plaintiffs adequately alleged a CIPA violation. The Court made clear that "Plaintiffs here did not consent to sending a separate message to Facebook, was generally unaware of doing so, and had no control over that process. As a result, the Court declines to dismiss Plaintiffs' CIPA claim on these grounds." ECF No. 60 ("Opinion") at 6.

The Court considered the relevant arguments, including those raised again by Defendant here and noted, "Plaintiffs, in opposition, argue Facebook is not a party to the intercepted communications because: (1) Facebook was not the intended recipient of the communication; and (2) any parallel communications occurred after the initiation by Plaintiffs' click. Pl. Opp. at 12-13, ECF No. 54. ***The Court agrees.***" Opinion at 5 (emphasis added).

Citing no new law or facts, Defendant unapologetically seeks a second bite at the apple, raising the same rejected arguments, asserting that it was error for the Court to "not discuss, distinguish, or cite *Google Cookie* in its Opinion." Motion at

2. A court is not required to distinguish or respond to every citation offered by a party. *See Byrne v. Calastro*, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion.") (citing *Eichorn v. AT & T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999)). Moreover, simple disagreement with a Court's decision fails to pass the stringent threshold required for reconsideration.

Defendant's Motion fails to meet the requirements for reconsideration (as well as for interlocutory review) and is incorrect in its analysis of *In re Google Cookie Placement Consumer Privacy Litigation,* 806 F. 3d 125 (3d Cir. 2015) ("*In re Google Cookie*"). It should be summarily denied.

**LEGAL STANDARD FOR RECONSIDERATION**

Reconsideration is "an extraordinary remedy that should be granted very sparingly." *Sanofi-Aventis U.S., LLC v. Great Am. Lines, Inc.*, 2016 WL 4472949, at *1 (D.N.J. Aug. 22, 2016) (internal quotation marks omitted). Reconsideration is appropriate only in three narrow circumstances: (1) an intervening change in controlling law; (2) the availability of new evidence that was not previously available; or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Motions for reconsideration are not an opportunity for parties to relitigate an issue that has already been considered and decided. "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *United States v. Pinkhasov*, 2009 WL 150669, at *1 (D.N.J. Jan. 21, 2009) (internal quotation marks omitted). Likewise, motions for reconsideration "should only be granted where [the applicable] facts or legal authority were indeed presented but overlooked." *Dogan v. Bureau of Prisons*, 2016 WL 1162373, at *1 (D.N.J. Mar. 23, 2016). Where a motion merely "advance[s] the same arguments" the Third Circuit has been clear that there "is not a proper basis for reconsideration." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *see also Kadonsky v. Ahsan*, 782 F. App'x 87, 89 (3d Cir. 2019) (affirming denial of a motion for reconsideration where that motion "[i]n large part . . . repeated arguments that [the movant] had made in his previous filings").

Moreover, "the law does not require courts to provide an exhausting analysis of every minor argument that parties raise." *Gutierrez v. Johnson & Johnson*, 743 F. Supp. 2d 418, 423-24 (D.N.J. 2010) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)) ("Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word 'granted' or 'denied' on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear."). The Third Circuit respects a trial judge's professional discretion

"whether to address a particular argument or not." *Gutierrez*, 743 F. Supp. 2d at 423-24.

**BACKGROUND**

Plaintiffs are two residents of California who ordered diagnostic tests from Defendant through their primary care physicians. When they received the results for those tests, they accessed Defendant's website, www.questdiagnostics.com (the "General Website"), and they navigated to a page with a secure portal, www.myquest.questdiagnostics.com (the "Patient-Protected Website"). There, they logged in, reviewed their confidential results, and logged out. Unbeknownst to Plaintiffs and throughout that process—from the moment they accessed Defendant's main page to the moment they opened their results—someone was looking over their shoulders, quietly learning what content they requested, which webpages they viewed, and which buttons they clicked. That someone was Meta Platforms, Inc., also known as Facebook, the world's largest social media website.

This privacy invasion was intentional: Defendant installed the "Facebook Tracking Pixel" (hereafter, "the Pixel") on its website and programmed it to surreptitiously listen in on patients' communications with Defendant. The Pixel is a piece of source code that companies, like Defendant, can integrate into their websites. When a person visits a website that contains the Pixel, it tracks their actions across the website and transmits the information—including the user's

private communications (HTTP Requests), personal identifying information, and information about their past, present, or future medical conditions and/or treatment—to Facebook's servers.

On July 2, 2024, the Court granted in part and denied in part Defendant's Motion to Dismiss, sustaining Plaintiffs' claims under the California Invasion of Privacy Act, ("CIPA"), Cal. Pen. § 631 (ECF No. 61). On July 16, 2024, Defendant moved for reconsideration.

## ARGUMENT

### I. The Court Rejected Defendant's Interpretation of *In re Google Cookie.*

Defendant incorrectly asserts that the Court failed to consider *In re Google Cookie* in evaluating whether Facebook was party to the communications at issue. Motion at 2. To the contrary, the Court evaluated Defendant's cherry-picked language of *In re Google Cookie* and disagreed, finding Plaintiffs' arguments explicitly distinguishing Defendant's interpretation of *In re Google Cookie* persuasive. *See* Opinion at 5 ("Plaintiffs, in opposition, argue Facebook is not a party to the intercepted communications because: (1) Facebook was not the intended recipient of the communication; and (2) any parallel communications occurred after the initiation by Plaintiffs' click. ***Pl. Opp. at 12-13***, ECF No. 54. The Court agrees."). The Court's citation to Plaintiffs' Opposition incorporates Plaintiffs' explanation of how Defendant's cherry-picked language from *In re Google Cookie* is factually

inapposite and omissive (as explained again below). Thus, the Court evaluated Defendant's arguments and was not persuaded. *See Raritan Baykeeper, Inc. v. NL Industries, Inc.*, 2016 WL 7377104, at *3 (D.N.J. Dec. 20, 2016) (denying reconsideration based on claim that Court overlooked argument where the argument was presented in Plaintiffs' Opposition brief.); *accord Blueprint Cap. Advisors, LLC v. Murphy*, 2023 WL 6875136, at *3 (D.N.J. Oct. 18, 2023).

A motion for reconsideration is not an opportunity for a party "dissatisfied with the Court's Opinion, to relitigate those arguments already considered—and rejected—by the Court." *Y.W. v. Roberts*, 14-cv-01642 (WJM), 2018 WL 5784995, *3 (D.N.J. 2018). The Motion should be denied.

## II. Defendant's Interpretation of *In re Google Cookie* Remains Flawed.

Defendant asserts that "[u]nderstanding the technical nuances of the internet communications at issue and how the pixel works is important to understanding why reconsideration is warranted here."[1] Motion at 3. While Defendant is incorrect that reconsideration is warranted, the technical nuances are important to understand why Defendant's interpretation of *In re Google Cookie* remains flawed.

Defendant once again ignores the important and distinguishing fact that, in *In re Google Cookie*, the defendant (Google) was ***already*** receiving communications

[1] In an attempt to avoid Plaintiffs' analysis, Defendant later asserts "[a]ny technological nuances in how the different cookies work are irrelevant." Motion at 13. Defendant cannot have it both ways.

from the viewed website in the ordinary course ***without*** the problematic cookies being challenged by plaintiffs in that case. *Id.* at 142.[2] Indeed, for the viewed website to load, a GET request was sent to Google to retrieve advertisements to display as part of the content of the website. *Id.* at 141. The Third Circuit found that because Google was already receiving communications from the website in order to retrieve ads from its network to display on the viewed page, *i.e.*, it was an intended recipient, the addition of identifying information from the allegedly unlawful cookie in that same request did not give rise to the wiretap claim. *Id.* at 143. Contrary to Defendant's proffered argument and interpretation of *In re Google Cookie*, simply being the recipient of a GET request *does not* make an interloping entity a party to a private communication. Rather, to be a party to a communication, the entity must be an *intended* recipient of that communication in the ordinary course of operation. Defendant's attempt to conflate the intended and unintended parties to the communication misrepresents the technical nuance and holding of *In re Google Cookie* and fails to provide any basis for reconsideration.

As discussed in Plaintiffs' Opposition to the Motion to Dismiss, the Third Circuit in *In re Google Cookie* discussed a problematic hypothetical (distinct from

[2] *See In re Google Cookie*, 806 F.3d at 142 ("The information at issue would be sent anyway because 'the user's web browser send[s] a GET request to Google to display the relevant advertising information for the space on the page for which Google has agreed to sell display advertisements.'").

the allegations in that case) wherein a device would be "capable of capturing communications sent by the plaintiffs and intended for first-party websites, and then transmitting them to the defendants." *Id.* at 141. Again, this cuts against Defendant's interpretation that all recipients of a communication, whether intended or unintended, must be considered a party. This hypothetical came to fruition here, as the Pixel is the "device" that captures communications sent by Plaintiffs to Defendant's website and then force those transmission to Facebook, an unintended recipient of Plaintiffs' communications with Defendant. Facebook does not receive GET requests from Defendant's website in the ordinary course of the website's operation; it only receives GET requests when Plaintiffs are communicating with Defendant's website and are surreptitiously forced to communicate with Facebook without their knowledge or consent.

As the Court recognized, the Third Circuit's decision evaluating wiretapping claims, *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022), similarly found that "[the third party] and [defendant] cannot avoid liability merely by showing that [plaintiff] unknowingly communicated directly with [third-party] servers." *Id.* at 129. While *Popa*'s evaluation was limited to Pennsylvania's Wiretapping and Electronic Surveillance Act ("WESCA"), the Third Circuit looked to the statutory text and found that prior decisions such as *In re Google Cookie* were distinguishable as "the Federal Wiretap Act—unlike the WESCA—has an explicit

direct-party exemption. *See* 18 U.S.C. § 2511(2)(d). So we reached a different conclusion . . . by applying that exemption." *Id.* at 129 n. 6. CIPA, like WESCA, lacks an explicit direct-party exemption in its statutory text and thus courts in the Northern District of California repeatedly have allowed CIPA claims to proceed for conduct similar to that alleged here. *See, e.g.*, *Toy v. Lifeline Screening of America*, 2024 WL 1701263, *1 (N.D. Cal. Mar. 19, 2024) (allegations that defendant installed trackers to optimize marketing and tracking were sufficient to plead that it "aid[ed], agree[d] with, employ[ed], or conspire[d] with" Facebook and/or Google to intercept plaintiff's information in violation of CIPA.); *Doe v. Meta Platforms*, 2023 WL 5837443, *7 (N.D. Cal. Sept. 7, 2023) (denying motion to dismiss CIPA and privacy claims where plaintiffs alleged that users entered their personal medical information into forms provided by hospital websites); *Doe v. Regents of Univ. of California*, 2023 WL 3316766, at *4 (denying motion to dismiss CIPA claim where plaintiff alleged that hospital system "intentionally incorporated Meta Pixel on the UCSF website and password protected MyChart portal"); *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019) (complaint adequately alleged that defendant violated CIPA by enabling another's wrongdoing); *see also Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520–21 (C.D. Cal. 2021) (allegations that defendant's "voluntarily embedding [interceptor's] software

code on its website" facilitated the interception sufficiently stated a claim for violation of § 631(a).").[3]

Contrary to Defendant's omissive argument, the Third Circuit's decision in *In re Google Cookie* does not alter the analysis of CIPA. Instead, it demonstrates that Plaintiffs alleged a valid CIPA claim against Defendant for aiding the transmission of this private information to Facebook. As recognized by the Northern District of California and this Court, "it cannot be that anyone who receives a direct signal escapes liability by becoming a party to the communication. Someone who presses up against a door to listen to a conversation is no less an eavesdropper just because the sound waves from the next room reach his ears directly. That person remains a third party, even as a direct recipient of the speaker's communication." *Revitch*, 2019 WL 5485330, at *2; *see* Opinion at 5.

## III. Defendant's Request for an Interlocutory Appeal Should Be Denied

Defendant's request for an interlocutory appeal is similarly premised on its disagreement with the Court's opinion and fails to meet the requisites for an

[3] While *In re Google Cookie* affirmed the dismissal of CIPA claims under the factually distinct circumstances of that case, *Popa*'s statutory analysis calls into question whether that conclusion would still be reached, particularly as the Third Circuit in *In re Google Cookie* called for further development of CIPA law, which has since happened. *See* 806 F.3d at 152 n.137 ("Google may be liable under Section 631(a) for recording the communications and sharing them with third parties. Judge Fisher does not write separately as it does not appear that California law is developed sufficiently on this question to reverse the judgment of the District Court.").

interlocutory appeal.

Under 28 U.S.C. § 1292(b), a district court may certify a non-final order for interlocutory appeal where the order (1) involves a controlling question of law, (2) there is a "substantial ground for difference of opinion" about that question of law, and (3) where immediate appeal may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), *aff'd*, 799 F.3d 236 (3d Cir. 2015). Even if a movant meets all criteria for 28 U.S.C. § 1292(b), such appeals are to be used "sparingly" and "only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *See Fiscus v. Combus Finance AG*, No. 03-1329, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006) (citing *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996)). Moreover, the district court may still deny certification as "permission to appeal is wholly within the discretion of the courts." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *see also United States v. Riddick*, 669 F. App'x 613, 613 n.2 (3d Cir. 2016) (citing *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979)) (finding an order denying a request to certify questions for appeal was unreviewable).

As discussed above, Defendant's Motion is entirely premised on disagreement

with the Court's decision and simply regurgitates its prior arguments. Disagreement alone fails to fulfill the requisite burden for the second prong, a substantial ground for difference of opinion. *See Hulmes*, 936 F. Supp. at 208 ("A party's disagreement with the district court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b)."). And as recently stated by Judge Martinotti:

> While Defendant may disagree with this Court's prior decision and wish this Court would provide further analysis, 'mere disagreement is not proper grounds for reconsideration.' *Physicians Healthsource, Inc. v. Advanced Data Systems Int'l, LLC*, No. 16-3620, 2019 WL 11270469, at *3 (D.N.J. Aug. 20, 2019). Therefore, Defendant failed to raise substantial ground for a difference of opinion and the second essential prong to Section 1292(b) is not met.

*Tomaine v. Selip & Stylianou, LLP*, 2024 WL 3440170, *3 (D.N.J. July 17, 2024). Here, Defendant's disagreement with the Court's analysis similarly fails to meet the substantial grounds for disagreement prong.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration and for interlocutory relief pursuant to 28 U.S.C. § 1292(b) should be denied in its entirety.

Dated: August 5, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*

Philip L. Fraietta
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**CARELLA BYRNE CECCHI BRODY & AGNELLO, P.C.**
James E. Cecchi
Kevin G. Cooper
5 Becker Farm Rd.
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: jcecchi@carellabyrne.com
kcooper@carellabyrne.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866/252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs*