# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA COLE and BEATRICE ROCHE, individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>QUEST DIAGNOSTICS, INC.,<br><br>**Defendant.** | Civil Action No.:<br>2:23-cv-20647-WJM<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant Quest Diagnostics Incorporated's Motion for Reconsideration of this Court's July 2, 2024 Opinion granting in part and denying in part its Motion to Dismiss. *See* ECF Nos. 60-61. The pertinent facts are discussed therein. Defendant requests reconsideration to correct a clear error of law—namely, that the Court's decision omitted consideration of the Third Circuit's opinion in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, 806 F.3d 125 (3d Cir. 2015) ("*Google Cookie*"). Upon careful review of the parties' arguments, Defendant's motion is **GRANTED**.

## I.    LEGAL STANDARD

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Defendant advances one basis for seeking reconsideration here: the need to correct a clear error of law. To succeed, Defendant "must show that the court overlooked a … legal issue that may alter the disposition of the matter, such as when … controlling decisions of law were brought to the court's attention, but not considered." *Einhorn v. Kaleck Bros.*, 713 F. Supp. 2d 417, 426 (D.N.J. 2010) (quoting *Marshak v. Treadwell*, Civ. No. 95–3794 (DRD), 2008 WL 413312 at *5 (D.N.J.2008)). A motion for reconsideration "does not permit a Court to rethink its previous decision, rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buffa v. New Jersey State Dept. of Judiciary*, 56 Fed.Appx. 571, 575 (3d Cir.2003)

## II.   DISCUSSION

Defendant argues that the Court erred by failing to consider the Third Circuit's ruling in *Google Cookie*:

> Quest relied on *Google Cookie* in its motion to dismiss. However, the Court did not discuss, distinguish, or cite *Google Cookie* in its Opinion. Respectfully, the outcome in *Google Cookie* and the Third Circuit's reasoning cannot be squared with the outcome here. As explained below, reconsideration is warranted and Plaintiff's CIPA claims should be dismissed.

ECF No. 65-1 at 2. The record confirms that Defendant relied on *Google Cookie* in its motion to dismiss argument, *see* ECF No. 51-1, and that the Court did not refer to *Google Cookie* in its July 2 Opinion, ECF No. 60. Plaintiffs contend, as they did in their motion to dismiss, that factual distinctions between *Google Cookie* and this case limit its precedential mandate. ECF No. 66.

### *Google Cookie*[1]

*Google Cookie* was a putative class action brought by web users who alleged that they visited websites from which Google's tracking cookies were deployed to enable tracking of the class members' internet communications without their consent. Specifically, the plaintiffs alleged that when they visited websites that included embedded advertisements served by Google, "Google used code to command users' web browsers to automatically submit a hidden form to Google" along with the advertising data Google transmitted in the ordinary course, triggering an exception to the plaintiffs' cookie blockers. *Google Cookie*, 806 F.3d at 132. The plaintiffs brought claims under, *inter alia*, the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* and the California Invasion of Privacy Act, Cal. Pen. Code § 631(a) ("CIPA").

In its opinion, the Third Circuit first analyzed the plaintiffs' claims under the federal Wiretap Act, and later turned to the California statute. It held, in relevant part, that the federal wiretapping claim was properly dismissed because Google was an "intended recipient" of the request sent from plaintiffs' browsers and that "under [the federal wiretapping statute], it is not unlawful for a private person 'to intercept a wire, oral, or electronic communication where such person is a party to the communication." 806 F.3d at 143.

Later in its opinion, discussing the CIPA claim, the Court observed that "[t]he District Court dismissed the [CIPA] claim for the same reasons that it dismissed the plaintiff's federal wiretapping claim." *Id.* at 152. The Court noted that the California Supreme Court "has explained that 'Section 631 was aimed at one aspect of the privacy problem—eavesdropping, or the secret monitoring of conversations by third parties.'" *Id.* (quoting *Ribas v. Clark*, 38 Cal.3d 355 (1985)). Reiterating its earlier finding that Google was a party to the communication, and therefore could not be considered a third-party eavesdropper, the Court affirmed the dismissal of the CIPA claim "for the same reasons [it] affirm[ed] the dismissal of the federal Wiretap Act claim." *Id.*

---

[1] While the *Google Cookie* case included similar allegations against several other defendants, for simplicity, the Court describes the allegations against Google specifically.

Plaintiffs argue that Google's role in the electronic communication at issue in *Google Cookie* was distinct from Facebook's role in the communications at issue here because, as the Third Circuit acknowledged, "[Google] place[s] cookies on web browsers 'in the process of injecting advertisements,' which are 'serve[d] ... directly from the third-party company's servers rather than going through the individual website's server.'" *Id.* at 141. This fact "[u]nderscore[d] that there [were] direct transmissions between the plaintiffs and the defendants." *Id.* Plaintiffs say this makes the difference: that "simply being the recipient of a GET request *does not* make an interloping entity a party to a private communication. Rather, to be a party to a communication, the entity must be an *intended* recipient of that communication in the ordinary course of operation." ECF No. 66 at 7.

On careful examination of *Google Cookie*, plaintiffs' factual distinction is unavailing. The full text of the paragraph on which plaintiffs rely reads:

> **If users' browsers directly communicate with the defendants about the webpages they are visiting—as the complaint pleads with particularity—then there is no need for the defendants to acquire that information from transmissions to which they are not a party. After all, the defendants would have the information at issue anyway.** Underscoring that there are direct transmissions between the plaintiffs and the defendants, the complaint notes that the defendants place cookies on web browsers in "the process of injecting the advertisements," which are "serve[d] ... directly from the third-party company's servers rather than going through the individual website's server."

*Google Cookie* at 140-141 (emphasis added; other alterations in original). The core of the Third Circuit's rationale was that the users' browsers were communicating directly with the alleged eavesdropper because the users' browsers were sending GET requests directly to Google's server. *See id.* at 142 ("In short, our understanding of the plaintiffs' allegations is that the defendants acquired the plaintiffs' internet history information when, in the course of requesting webpage advertising content at the direction of the visited website, the plaintiffs' browsers sent that information directly to the defendants' servers."). As the direct recipient of the communication from plaintiff's browser, Google could not have been liable under CIPA. *Id.* at 152 ("The District Court dismissed the [CIPA] claim for the same reasons that it dismissed plaintiffs' federal wiretapping claim. As discussed above, the pleadings demonstrate that Google was itself a party to all the electronic transmissions that are the bases of the plaintiffs' wiretapping claims. Because [CIPA] is aimed only at 'eavesdropping, or the secret monitoring of conversations **by third parties**,' we will affirm the dismissal of the [CIPA] claim for the same reasons we affirm the dismissal of the federal Wiretap Act claim." (emphasis added)).

The same should hold true here. Like in *Google Cookie*, plaintiffs allege that when interacting with the defendant's website, their browsers were instructed to send a second, separate GET request to a third-party website, and allege that the involvement in this third-party website in their internet communications constituted eavesdropping under the CIPA. *See* First Amended Complaint, ECF No. 23, at ¶ 16 ("When a user accesses a website hosting the Facebook Tracking Pixel, Facebook's software script surreptitiously **directs the user's browser to send a separate**

**message to Facebook's servers.**" (emphasis added)). In other words, plaintiffs' "browsers directly communicate with the [alleged eavesdropper] about the webpages they are visiting," and as such, "there is no need for the [eavesdropper] to acquire that information from transmissions to which they are not a party." *Google Cookie* at 140-141. Plaintiffs' argument cannot be squared with this Court's understanding of *Google Cookie*. The Court's July 2 opinion "overlooked that decision, and [it] correct[s] that error today." *Casco v. Ponzios RD, Inc.*, No. CV 16-2084 (RBK), 2018 WL 2002787, at *3 (D.N.J. Apr. 30, 2018).[2]

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is **GRANTED**. The Court's July 2, 2024 Order (ECF No. 61) is **VACATED**, and an amended Order follows.

Date: January 14, 2025

WILLIAM J. MARTINI, U.S.D.J.

---

[2] Plaintiff's alternative argument—that *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 124, 129 (3d Cir. 2022) should control the Court's analysis instead of *Google Cookie*—also fails. *Popa* explicitly distinguished its holding from *Google Cookie* on the basis that the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. 5701 ("WESCA"), did not contain a "direct party exemption" and, based on a 2012 statutory amendment, the Court determined that the Pennsylvania legislature did not intend to prevent all direct parties to a communication from liability under the statute. *See id.* at 127-129 & n.6. This runs counter to the Third Circuit's interpretation of the federal Wiretap Act, *see id.* at 129 n.6; and from the CIPA, *see Google Cookie* at 152 ("[b]ecause [CIPA] is aimed only at 'eavesdropping, or the secret monitoring of conversations by third parties,' we will affirm the dismissal of the [CIPA] claim for the same reasons we affirm the dismissal of the federal Wiretap Act claim.").